UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHARLOTTE ELIZABETH ARNSTEIN,
SHARON BACON,
HUGO BAZZANI,
DONALD and ELIZABETH BORTNIAK,
JOHN J. CAIN,
PEDRO CAMACHO,
WILLIAM CATRANBONE,
DONALD CONWAY,
SCOTT ELLINGTON,
ALLA and BORIS FELDMAN,
GUILLERMO GONELLA,
ANTHONY and DOLORES MAZZELLA,
MIKOLAI MIRUTKA,
TERRI L. PRIOLEAU,
NADINE SHAWAH,
DANIIL SHOYFER,
HALINA STAVIN, as Trustee of the JOHN STAVIN TRUST,
AGNES and PAUL STAWINSKI,
GARY SULLIVAN,
ROMUALDA SWIERCZEWSKI,
EZZATOLLAH TARAKMI,

on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.

ALTERRAON PHILLIPS, ESQ. and
APLAW LLC, a Florida limited liability
corporation,

      Defendants.
_____/

## CLASS ACTION COMPLAINT

The Plaintiffs, CHARLOTTE ELIZABETH ARNSTEIN, SHARON BACON,

1

HUGO BAZZANI, DONALD and ELIZABETH BORTNIAK, JOHN J. CAIN, PEDRO CAMACHO, WILLIAM CATRANBONE, DONALD CONWAY, SCOTT ELLINGTON, ALLA and BORIS FELDMAN, GUILLERMO GONELLA, ANTHONY and DOLORES MAZZELLA, MIKOLAI MIRUTKA, TERRI L. PRIOLEAU, NADINE SHAWAH, DANIIL SHOYFER, HALINA STAVIN, as Trustee of the JOHN STAVIN TRUST, AGNES and PAUL STAWINSKI, GARY SULLIVAN, ROMUALDA SWIERCZEWSKI, and EZZATOLLAH TARAKMI, on behalf of themselves and all others similarly situated, by through their undersigned counsel, hereby sue the Defendants, ALTERRAON PHILLIPS, ESQ. (hereinafter "PHILLIPS") and APLAW, LLC (hereinafter "APLAW"), and as grounds therefore, allege the following:

## PRELIMINARY STATEMENT

1. The Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated for statutory and actual damages, and for declaratory and injunctive relief arising from the Defendants' violations of Title 15, Section 1692, *et seq.,* of the United States Code, known as the Fair Debt Collection Practices Act (the "FDCPA"), and Chapter 559, *et. seq.,* of the Florida Statutes, known as the Florida Consumer Collection Practices Act (the "FCCPA"), which both prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. The concurrent jurisdiction of this Court is invoked with respect to the Plaintiffs' claims under Chapter 559 of the Florida Statutes.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

**THE PARTIES**

4.  The Plaintiffs are all current or former owners of condominium units in a development in West Palm Beach called The Sterling Villages of Palm Beach Lakes Condominium Association, Inc. (hereinafter "The Sterling"). The plaintiffs are all over the age of eighteen and are otherwise *sui juris.* All of the Plaintiffs and purported class members are consumers within the meaning of the FDCPA and the FCCPA, as set forth below.

5.  The Defendant, PHILLIPS, is an attorney licensed to practice law in the State of Florida, and is the managing member and sole owner/manager of the co-Defendant, APLAW, LLC (hereinafter "APLAW").

**CLASS ACTION ALLEGATIONS**

6.  The Plaintiffs bring this action pursuant to Rule 23, Fed.R.Civ.P., on behalf of themselves and all Sterling owners (hereinafter "the Class") who have:

> (a) received one or more debt collection letters from the Defendants that are in violation of the FDCPA and the FCCPA, as of the date of the Plaintiff's complaint, and their successors in interest; and/or

(b) whose condominium units are encumbered by fraudulent liens the Defendants prepared and recorded in the Official Records of Palm Beach County; and/or

(c) who, upon attempting to sell their condominium unit, have received an estoppel certificate issued by the Defendants that falsely indicates that they owe substantial funds to the Villages of Palm Beach Lakes Property Owners' Association, Inc.

7. Excluded from the Class are the Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of APLAW.

8. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23, Fed.R.Civ.P., for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received identical debt collection notices form the Defendants that violate various provisions of the FDCPA and FCCPA.

10. There are questions of law and fact common to the Class that predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the Defendants violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e(2)(a), 1692e(4), 1692e(5); 1692e(11); 1692(f)(1); and 1692(g)(b).

b. Whether the Defendants violated various provisions of the FCCPA, including, but not limited to, § 559.72(9), Fla. Stat.;

c. Whether the Plaintiffs and the Class have been injured by the Defendants' conduct;

d. Whether the Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of the Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

e. Whether the Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

11. The Plaintiffs' claims are typical of the Class, and the Plaintiffs have no interest adverse or antagonistic to the interest of other members of the Class.

12. The Plaintiffs will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. The Plaintiffs anticipate that no unusual difficulties are likely to be incurred in the management of this class action.

14. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained

of herein. Absent a class action, the Class will continue to suffer losses of statutorily protected rights as well as monetary damages, and if the Defendants' conduct proceeds without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

15. The Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding relief with respect to the Class as a whole.

## STATEMENT OF THE FACTS

16. The Plaintiffs all own or until recently owned condominium units in The Sterling, a condominium association in West Palm Beach. There are 319 condominium units in this Association.

17. Within one year prior to the filing of this action, the Defendants have been attempting to collect debts from the Plaintiffs that the Defendants alleged the Plaintiffs and all Class members owe.

18. (a) On or about December 20 to 22, 2020, the Defendants sent to and the Plaintiffs each received, an identical debt collection letter. An exemplar copy of said letter is attached as **"Exhibit A."** Upon information and belief, the Defendants mailed the same letter to the owners of all or almost all of the 319 condominium units at The Sterling.

(b) On or about October 14, 2021, the Defendants recorded a lien in the Official Records of Palm Beach County, purporting to encumber a total of 63 condominium units at The Sterling. A copy of said lien is attached as **"Exhibit B."**

More than half of the 63 "owners" listed on the spreadsheet attached to the lien were not the owners of the respective condominium units at the time the Defendants recorded the lien, and the total debt that the Defendants allege on the lien that each unit owner owes are all incorrect.

(c) On or about October 28, 2021, the Defendants sent to and the Plaintiffs identified on the October 14 lien each received, an identical debt collection letter referencing the recorded lien and threatening to foreclose on the respective condominium units listed in the lien. A copy of said letter is attached as **"Exhibit C."** Upon information and belief, the Defendants mailed the same letter to the owners of all 63 condominium units listed in the lien.

(d) On or about November 19, 2021, the Defendants recorded a second lien in the Official Records of Palm Beach County, purporting to encumber a total of 51 condominium units at The Sterling. A copy of said lien is attached as **"Exhibit D."**

(e) On or about December 15, 2021, the Defendants sent to and the Plaintiffs identified on the November 19 lien each received, an identical debt collection letter referencing the lien recorded on November 19, and threatening to foreclose on the respective condominium units listed in the lien. A copy of said letter is not in the possession of counsel at the time of the filing of this complaint, but a copy will be filed with the Court as soon as practicable. Upon information and belief, the Defendants mailed the same letter to the owners of all 51 condominium units listed in the lien.

19. The alleged underlying debts were incurred primarily for personal, family, or household purposes.

## COUNT ONE
### (As to Phillips and APLAW - Violations of the FDCPA)

20. The Plaintiffs repeat and re-allege paragraphs one through nineteen as if more fully set forth herein.

21. The Defendants' debt collection attempts violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2)(a), 1692e(4), 1692e(5); 1692e(11); 1692(f)(1); and 1692(g)(b).

   a. Pursuant to § 1692e(2)(a), the Defendants have knowingly and falsely represented the amount of the debt allegedly owed to the creditor by including, *inter alia*, debts for which the Circuit Court for the 15th Judicial Circuit has previously determined that the homeowners' association to whom the debts are alleged to be owed has already been paid in full, debts that are barred by the statute of limitations, debts that include late fees that by statute cannot be charged and debts that include claimed attorney's fees incurred in a case that the Defendants' client lost.

   b. Pursuant to § 1692e(4), the Defendants have threatened that the non-payment of the alleged debt shall result in the recording of a lien to encumber the property of the Plaintiffs with the intent to foreclose and seize the Plaintiffs' property, and then have actually recorded two liens that purport to encumber the title to a total of 114 condominium units at The Sterling, and threatened to foreclose on said properties;

   c. Pursuant to § 1692e(5), the Defendants have threatened to foreclose on liens that are based on debts the Defendants know the Plaintiffs and class members do not owe;

8

d. Pursuant to § 1692e(5), for other unit owners whose units are not included in the two recorded liens, the Defendants have threatened legal action (the recording of a lien) that they have no intention of taking, evidenced by the fact that a year has passed since the first debt collection letter was sent to the Plaintiffs and other members of the class, and no legal action has been taken;

e. Pursuant to § 1692e(11), PHILLIPS had telephone conversations and/or email communications with the Plaintiffs and/or class members in which he also failed to verbally indicate that he was attempting to collect a debt, or that any information obtained from the Plaintiffs will be used for that purpose;

f. Pursuant to § 1692f(1), the Defendants are attempting to collect fees from the Plaintiffs that are not expressly authorized by statute or the governing documents of the homeowners' association to whom the Defendants allege the debts are owed; and

g. Pursuant to § 1692g(b), the Defendants, after notification that the Plaintiffs and/or class members disputed the alleged debts, did not send any verification of the alleged debts to the Plaintiffs and/or class members, and did not cease collection efforts after receiving a request for verification.

22. As a result of the Defendants' violations of the FDCPA, as aforesaid, the Plaintiffs and the Class have been damaged and are entitled to actual and statutory damages, costs and attorney's fees.

WHEREFORE, the Plaintiffs respectfully requests that the Court enter judgment in their favor as follows:

a. Declaring that this action is properly maintained as a class action and certifying the Plaintiffs as the Class representatives;

  b. Awarding the Plaintiffs their actual and statutory damages in an amount to be determined at trial;

  c. Awarding Class members the maximum actual and statutory damages in an amount to be determined at trial;

  d. Awarding the Plaintiffs the costs of this action, including reasonable attorney's fees and costs pursuant to § 1692k(a)(3); and

  e. Awarding the Plaintiffs such other and further relief as the Court deems appropriate.

## COUNT TWO
### (As to Phillips and APLAW - Violations of the Florida Consumer Collection Practices Act)

  23. The Plaintiffs repeat and re-allege paragraphs one through nineteen as if more fully set forth herein.

  24. This is an action pursuant to Chapter 559, *et. seq.,* Fla. Stat., known as the FCCPA.

  25. The Defendants' debt collection attempts violate various provisions of the FCCPA including but not limited to § 559.72(9) in that:

   (a) the Defendants have sent debt collection letters to the Plaintiffs and/or class members attempting to collect debts despite the fact that they have actual knowledge that the alleged debts are not legitimate;

   (b) the Defendants have recorded liens against the Plaintiffs' properties that allege debts that are not owed;

    (c)  the Defendants have padded the totals of debts the Defendants claim the Plaintiffs owe with debts for which a court has already determined the Defendants' client was paid, and that are clearly not owed and/or are barred by the statute of limitations;

    (d)  the Defendants have prepared and presented estoppel certificates on behalf of the Defendants' client with figures the Defendants know to be false, seeking to coerce Plaintiffs who are selling their properties to pay the amount the Defendants demand or the Plaintiffs' buyers will not hold clear title when the condominiums are sold.

26.    The Defendants have been informed repeatedly that these debts or components of these debts are not owed statute or the governing documents of the Defendants' client, or because the debts have already been paid, and that they cannot claim that the Plaintiffs and Class still owed at the time the Defendants made demand for payment and/or recorded liens and/or prepared and delivered estoppel certificates.

27.    In addition, § 559.552, Fla. Stat., requires all debt collectors in the State of Florida to abide by all applicable provisions of the FDCPA, and the Defendants, as aforesaid, are in violation of various provisions of the FDCPA.

28.    As a result of the Defendants' violations of the FCCPA, the Plaintiffs have been damaged and are entitled to actual and statutory damages, costs and attorney's fees. Further, pursuant to § 559.77(2), based on the outrageousness of the Defendants' conduct, punitive damages may be in order, as the Defendants continue to attempt to collect alleged debts from the Plaintiffs and class members despite the fact that they have actual knowledge that said debts are not legitimate. The Plaintiffs respectfully request

that upon the showing of competent, substantial evidence, the Court permit the Plaintiffs to amend their complaint to add a claim for punitive damages.

WHEREFORE, the Plaintiffs respectfully requests that the Court enter judgment in their favor as follows:

    a.    Awarding the Plaintiffs their actual and statutory damages in an amount to be determined at trial;

    b.    Awarding class members the maximum actual and statutory damages in an amount to be determined at trial;

    c.    Awarding the Plaintiff the costs of this action, including reasonable attorney's fees and costs pursuant to § 559.77, Fla. Stat.;

    d.    Awarding the Plaintiffs punitive damages upon the showing of competent, substantial evidence; and

    e.    Awarding the Plaintiffs such other and further relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

The Plaintiffs respectfully request a trial by jury on all issues so triable.

STEVEN H. MEYER, P.A.
401 West Fairbanks Avenue
Suite 100
Winter Park, FL 32789
Tel.:   (407) 289-0803
Fax:   (407) 539-2978
Email: steven@thefirm.legal

By: /s/ Steven H. Meyer, BCS
     Fla. Bar No.: 128562