**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case Number: 21-CV-82516-CANNON/REINHART

CHARLOTTE ELIZABETH ARNSTEIN, et al.,

        Plaintiffs,

v.

ALTERRAON PHILLIPS, ESQ. and APLAW LLC,

        Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF NO. 9)

Presently before me is Defendants' Motion to Dismiss the Complaint (ECF No. 9), which was referred by the Honorable Aileen M. Cannon for a report and recommendation. ECF No. 12. The motion, brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), alleges that the proposed Class Plaintiffs lack standing to assert their claims under the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA), and that the Complaint fails to state a claim upon which relief can be granted. I have reviewed the Complaint and exhibits attached thereto (ECF No. 1), the Motion (ECF No. 9), and Plaintiffs' Response (ECF No. 10). Defendants did not file a reply and the time for doing so has expired. For the reasons explained below, I **RECOMMEND** that Defendants' Motion to Dismiss be **DENIED.**

## FACTS ALLEGED IN THE COMPLAINT

Plaintiffs are all current or former owners of condominium units in a development in West Palm Beach called The Sterling Villages of Palm Beach Lakes Condominium Association, Inc. ("The Sterling"). ¶ 4. There are 319 condominium units in this Association. ¶ 16. Defendants

1

are attorneys representing the Villages of Palm Beach Lakes Property Owners' Association, Inc. ("The Villages"), which is a Master Association overseeing 38 sub-associations including The Sterling. ECF No. 9 at 1.

On or about December 20 to 22, 2020, Defendants sent debt collection letters to Plaintiffs stating that their condominium association assessments were past due. ¶ 18(a), Exhibit A. On or about October 14, 2021, Defendants recorded a lien in the Official Records of Palm Beach County, purporting to encumber a total of 63 condominium units at The Sterling. ¶ 18(b), Exhibit B. More than half of the 63 "owners" listed on the spreadsheet attached to the lien were not the owners of the respective condominium units at the time Defendants recorded the lien, and the total debt that Defendants allege was due and owning for each unit was incorrect. ¶ 18(b). On or about October 28, 2021, Defendants sent to each owner listed on the lien's spreadsheet a debt collection letter threatening to foreclose on their condominium units. ¶ 18(c), Exhibit C.

On or about November 19, 2021, Defendants recorded a second lien in the Official Records of Palm Beach County, purporting to encumber a total of 51 condominium units at The Sterling. ¶ 18(d), Exhibit D. On or about December 15, 2021, Defendants sent to each owner listed on the second lien a debt collection letter threatening to foreclose on their condominium units. ¶ 18(e). All of the allegedly-owed debts were incurred primarily for personal, family, or household purposes. ¶ 190.

According to the Complaint, Defendants engaged in the above activities despite knowing that the Fifteenth Judicial Circuit Court in Palm Beach County had previously declared the alleged debts to have been paid in full. ¶¶ 21(a) and (c), 25(a)-(c). The Complaint further alleges that Defendants have prepared and presented estoppel certificates on behalf of The Villages with figures Defendants know to be false, seeking to coerce Plaintiffs who are selling their properties

to pay the amount Defendants demand or Plaintiffs' buyers will not hold clear title when the condominiums are sold. ¶ 25(d).

## LEGAL STANDARDS

1. <u>Dismissal under Rule 12(b)(1) - Standing</u>

Federal court plaintiffs bear the burden of establishing that they have Article III standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because lack of standing deprives the court of its constitutional power to adjudicate the parties' dispute, a district court is required to satisfy itself of a party's standing before proceeding to consider the merits of the claims. *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (citations omitted).

There are three elements to establish standing. There must be an injury-in-fact (an invasion of an interest that is both concrete and particularized, and actual or imminent), a causal connection between the plaintiff's injury and the challenged action of the defendant, and a likelihood (not merely speculation) that a favorable judgment will redress the plaintiff's injury. *Id.* at 1338 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)). A plaintiff must satisfy all three elements to establish standing. *Id.*

2. <u>Dismissal under Rule 12(b)(6) – Failure to State a Claim</u>

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. *Jordan v. Miami-Dade Cty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006). "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir. 1986) (citation omitted). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all

facts alleged by the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986). While a complaint does not need to set forth detailed factual allegations to survive a motion to dismiss, the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). The scope of the court's review on a motion to dismiss is limited to the four corners of the complaint and the documents attached to the complaint or directly referred to in the complaint. *Jordan*, 439 F. Supp. 2d at 1240.

## DISCUSSION

### *Standing*

Defendants contend that Plaintiffs lack standing because the Complaint only alleges that Defendants have threatened to foreclose on Plaintiffs' properties, which does not constitute "an actual injury; but, a future harm." ECF No. 9 at 3.

I reject Defendants' standing argument. The attachments to the Complaint indicate that Defendants have filed liens on Plaintiffs' properties, which the Complaint alleges Defendants know are based on invalid debts, and that those liens are preventing Plaintiffs from selling their condominium units with a clear title. At this stage of the proceedings, I must view these alleged facts in Plaintiffs' favor. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). I find that the allegations in the Complaint and the attachments thereto are adequate to show the existence of an actual controversy and demonstrate that Plaintiffs have been

4

harmed and continue to be harmed by the liens Defendants attached to their properties. These allegations satisfy Article III's requirements and are sufficient to convey standing.

*Failure to State a Claim*

As an alternative to dismissal for lack of standing, Defendants argue that the Complaint fails to state a claim for which relief can be granted. In their motion Defendants seek to litigate the appropriateness of Plaintiff's proposed class action allegations as well as the legal ramifications of a related state court lawsuit between The Villages and The Sterling. Neither issue is properly before me in the context of a motion to dismiss, where the sole issue for adjudication is whether the facts and claims alleged in the Complaint are sufficient to withstand dismissal on their face.

Among other things, the FDCPA prohibits the false representation of any debt, including a representation that the nonpayment of such false debt will result in the sale of property, and the threat of any action that cannot be taken legally. 15 U.S.C. §§ 1692e(2a), (4), (5). Similarly, the FCCPA prohibits threats to enforce a debt by a person who knows that the debt is not legitimate. Fla. Stat. 559.72(9).

I find that Plaintiffs have adequately pled claims for both the FDCPA and FCCPA by stating in their Complaint that Defendants sent them collection notices for debt that was not owed to The Villages, placed fraudulent liens on Plaintiffs' properties based on this false debt, and threatened illegal foreclosure of Plaintiffs' condominium units. Defendants argue that Plaintiffs' allegations regarding Defendants' knowledge of the invalidity of the underlying debts are mere legal conclusions. On the contrary, the Complaint alleges sufficient facts regarding the resolution of the state court lawsuit (¶ 21(a)), which when viewed in the light most favorable to Plaintiffs, provide adequate support for the allegation that Defendants knew the debts had already been paid.

I further reject Defendants' claim that condominium assessments do not constitute debts under the FDCPA. Without citation to any legal authority, Defendants contend that "The assessment due and owing by the Plaintiffs is neither for personal, family or household purposes and therefore the assessment is not a debt." ECF No. 9 at 5. "Debt" is defined under the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . ." 15 U.S.C. § 1692(a)(5). "Analyzing whether a debt was incurred 'primarily for personal, family, or household purposes' requires courts to look to both the primary transaction and any derivative obligations, like condominium association and homeowner's fees." *Smith v. Atl. Springs Condo. Ass'n, Inc.,* No. 0:15-CV-61155-KMM, 2015 WL 7428745, at *2 (S.D. Fla. Nov. 23, 2015) (citing *Ladick v. Van Gemert*, 146 F.3d 1205, 1206 (10th Cir. 1998) and *Newman v. Boehm, Pearlstein & Bright, Ltd*., 119 F.3d 477, 481 (7th Cir. 1997) (finding that "assessments used to improve or maintain commonly-owned areas" meet the FDCPA's requirements)). In *Smith,* the court held that even though the condominium for which the association fees were allegedly overdue was not the plaintiff's primary residence but merely an investment property, the fees still "fit[] clearly within FDCPA's parameters that the obligation be 'for personal, family, or household purposes.'" *Smith,* 2015 WL 7428745, at *3 (noting that "a growing majority of district courts within this Circuit recognize that association assessments and analogous fees constitute a 'debt' within the meaning of the FDCPA") (collecting cases).

## RECOMMENDATION

Based on the foregoing, I hereby **RECOMMEND** that Defendants' Motion to Dismiss (ECF No. 9) be **DENIED.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 26th day of April 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE