UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-82516-AMC/BER

CHARLOTTE ELIZABETH ARNSTEIN, et al.,

                Plaintiffs,

vs.

ALTERRAON PHILLIPS, ESQ. and
APLAW, LLC,

                Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS [ECF No. 176]

This matter is before me upon an order of referral from the Honorable Aileen M. Cannon for a report and recommendation. ECF No. 177.

On May 30, 2024, the parties filed a Stipulation of Voluntary Dismissal with Prejudice "pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure." ECF No. 173. On May 31, 2024, Judge Cannon entered an order dismissing the case with prejudice, noting that "Pursuant to Rule 41(a)(1)(A)(ii), the Stipulation of Dismissal, signed by all parties who have appeared, is self-executing and dismisses the case 'effective immediately upon filing.'" ECF No. 175 (quoting *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277 (11th Cir. 2012)).

On June 14, 2024, Defendants filed the instant motion for attorneys' fees and costs claiming that, "Upon the Plaintiffs filing their Notice of Voluntary Dismissal with prejudice, the Defendants are considered the prevailing party and should be

awarded their reasonable attorney's fees and costs." ECF No. 176 at 6-7. Defendants are incorrect and their motion should be denied.

"A plaintiff may dismiss an action voluntarily without a court order in two circumstances: by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment, Fed. R. Civ. P. 41(a)(1)(A)(i), or at any time during the litigation by filing a stipulation of dismissal signed by all parties who have appeared, Fed. R. Civ. P. 41(a)(1)(A)(ii)." *Cartiga, LLC v. Robles*, No. 22-CV-81612, 2023 WL 4014835, at *1 (S.D. Fla. Mar. 30, 2023) (quoting *Anago Franchising, Inc.*, 677 F.3d at 1276). As noted above, "A stipulation filed pursuant to Rule 41(a)(1)(A)(ii) is self-executing and dismisses the case upon its becoming effective." *Id.* Thus, "[w]hen contemplating the dismissal of a lawsuit, counsel must proceed with caution because 'the entering of a stipulation of dismissal . . . has a stark effect on the Court's jurisdiction.'" *Cartiga, LLC,* 2023 WL 4014835, at *2 (quoting *Equal Emp. Opportunity Comm'n v. Abraham Chevrolet-Miami, Inc.*, No. 17-23550-CIV, 2018 WL 11447653, at *3 (S.D. Fla. Aug. 17, 2018)).

Here, the stipulation dismissing this lawsuit was signed by both parties and became effective upon its filing, at which time, the Court's jurisdiction came to an end.[1] Given that the parties' stipulation of dismissal stripped the Court of

---

[1] Defendants attempt to cast the document as a unilateral notice of dismissal filed solely by Plaintiff under Fed. R. Civ. P. 41(a)(1)(A)(i), but this ignores that defense counsel's electronic signature is affixed to the document (which is represented to be a joint stipulation), and that a unilateral dismissal was unavailable to Plaintiff because Defendants had already answered the Complaint.

2

jurisdiction, it is precluded from considering Defendants' motion for attorneys' fees and costs.

## RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the District Court **DENY** Defendants' Motion for Attorneys' Fees and Costs. ECF No. 176.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 27th day of June 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE